# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | |
|---|---|
| AUGUSTUS INVICTUS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF SOUTH CAROLINA; )<br>GOVERNOR HENRY MCMASTER; )<br>SIXTEENTH JUDICIAL CIRCUIT; CHIEF )<br>ADMINISTRATIVE JUDGE WILLIAM A. )<br>MCKINNON; YORK COUNTY )<br>SOLICITOR'S OFFICE; SOLICITOR )<br>KEVIN BRACKETT; and ASSISTANT )<br>SOLICITOR JENNY E. DESCH, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 5:21-cv-109 |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### I.   **PRELIMINARY STATEMENT**

1. Plaintiff, a Florida resident and Florida attorney, is a defendant in a criminal case in York County, South Carolina. Plaintiff was scheduled for trial in April 2020. The trial was suspended indefinitely when Defendant Governor Henry McMaster suspended all trials indefinitely on account of the pandemic. Plaintiff is a Florida resident who has been extradited to South Carolina twice and has spent a total of about eight months in jail. Plaintiff has been denied the right to a speedy trial in violation of his Sixth Amendment rights. Since the expiration of Plaintiff's speedy trial window, Plaintiff has been denied any trial at all. Since January 2021, Plaintiff has been denied any access to the courts whatsoever, in violation of his rights under the Fifth Amendment of the U.S. Constitution

1

and Article I, Section 21 of the Florida Constitution. Plaintiff has suffered and continues to suffer substantial, irreparable injury because of these violations and now seeks declaratory and injunctive relief.

## II. JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. §1983 for violations of civil rights under the Sixth and Fifth Amendments to the United States Constitution and Article I, Section 21 of the Florida Constitution.

3. The case presents a federal question within this Court's jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. The Defendants owed and continue to owe a legal duty to Plaintiff, who at all relevant times was a Florida citizen, not to violate Plaintiff's constitutional rights. These breaches of duty affect a legitimate interest of the State of Florida in protecting, governing, or regulating any person, property, thing, transaction, or activity in this State.

6. Each Defendant to this lawsuit has engaged in a course of conduct that violates the constitutional rights of Plaintiff.

7. Plaintiff, as a Florida citizen, suffered and continues to suffer substantial and irreparable harm due to Defendants' actions that were specifically intended to affect Plaintiff in Florida, most notably in his family court matters in Orange County and in his ability to work in Orlando.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claim occurred in this district in that Plaintiff, as a resident of Florida, has been twice extradited from this District to the offending State of South Carolina and continues to suffer harm in this District, especially in regard to the conditions of Plaintiff's bond.

### III.     PARTIES

9.      Plaintiff Augustus Invictus is a resident of Ocala, Florida. He is a criminal defense attorney in Orlando, Florida whose minor children live in Orlando, Florida.

10.     Defendant State of South Carolina is a governmental entity.

11.     Defendant Governor Henry McMaster is the Governor of South Carolina and, in that position, is sued in his official capacity.

12.     Defendant Sixteenth Judicial Circuit is a judicial circuit of the State of South Carolina.

13.     Defendant Chief Administrative Judge William A. McKinnon is the head of the Sixteenth Judicial Circuit of South Carolina and, in this position, is sued in his official capacity.

14.     Defendant York County Solicitor's Office is the prosecuting agency of York County, South Carolina.

15.     Defendant Solicitor Kevin Brackett is the head of the York County Solicitor's Office and is sued in his official capacity.

16.     Defendant Assistant Solicitor Jenny E. Desch is the prosecuting attorney in Plaintiff's criminal case in York County, South Carolina and is sued in her official capacity.

## IV.  STATEMENT OF FACTS

17. Plaintiff was arrested on 30 December 2019 in Brevard County, Florida and extradited to York County, South Carolina on 09 January 2020.

18. Plaintiff was scheduled for trial in April 2020; the trial was unilaterally canceled by Defendants on account of COVID-19.

19. Plaintiff was released on bond on 01 April 2020.

20. Plaintiff was arrested again on charges already demonstrated to be false on 20 April 2020 and extradited a second time to York County, South Carolina. Plaintiff was jailed for over four months on false allegations of having violated the conditions of his bond in South Carolina.

21. Plaintiff has sought trial and has asserted his right to a speedy trial since the cancelation of the April 2020 trial.

22. Plaintiff's speedy trial window closed on or around 30 June 2020.

23. Plaintiff's bond was reinstated 25 August 2020. Plaintiff was not released, however, until 27 August 2020.

24. The bond conditions set by the York County court on 25 August 2020 prohibit Plaintiff from being in his own hometown of Orlando, Florida, save for certain exceptions. Defendants Sixteenth Judicial Circuit, Chief Judge William A. McKinnon, York County Solicitor's Office, Solicitor Kevin Brackett, and Assistant Solicitor Jenny E. Desch knew that this would prevent Plaintiff from working full-time and from taking custody of his minor children. Despite numerous attempts by Plaintiff to rectify these bond conditions, Defendants have refused.

25. In all, Plaintiff has been awaiting trial on criminal charges in York County, South Carolina since 30 December 2019 and has spent a total of about eight months in jail on these charges with no opportunity for trial, all on account of COVID-19.

26. Plaintiff has never waived his right to a speedy trial and has consistently asserted his right to a speedy trial.

27. Defendants have denied Plaintiff a trial of any sort since March 2020, almost twelve months and have now denied Plaintiff any access to the courts at all.

28. The cause of the trial's delay falls to Defendants, who have invoked COVID-19, and not to Plaintiff, who has asserted his right to a speedy trial.

29. Plaintiff asserted his right to a speedy trial and was scheduled for trial in April 2020.

30. Furthermore, Plaintiff has repeatedly made bona fide efforts to demand a speedy trial through his South Carolina attorneys.

31. Furthermore, on or about 01 July 2020, Plaintiff wrote to Chief Administrative Judge William A. McKinnon to assert his right to a speedy trial, noting that the window for speedy trial had expired.

32. Because Plaintiff is denied all access to the courts, he cannot be heard on any Motion for discharge to the trial court. Cf. Florida Rule of Criminal Procedure 3.191.

33. Exculpatory evidence has disappeared and witnesses for the Plaintiff have become unavailable since the cancelation of Plaintiff's trial by the Defendants, which situation is necessarily prejudicial to Plaintiff and is the entire purpose of the speedy trial rule. Fla. Const. art. I, § 16(a).

34. For six months, Plaintiff has been denied the meaningful right to work in Orange County, Florida and to take custody of his minor children because of the bond conditions imposed by Defendants. Plaintiff has been denied any opportunity to modify the bond conditions because he has been denied all access to the courts, all on account of COVID-19.

35. At all relevant times Defendants were acting under color of law and color of authority as prosecutors, judges, and governor, employees, agents, or servants of South Carolina, the Sixteenth Judicial Circuit, and York County.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL
### 42 U.S.C. § 1983

36. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37. In the following paragraphs, references to the Sixth Amendment include the Sixth Amendment as applied to the states through the Fourteenth Amendment.

38. The test for a speedy trial violation includes a balancing test examining (1) the length of the delay, (2) the cause of the delay, and (3) the assertion of the right to a speedy trial by the criminal defendant, (4) and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

39. All elements of the balancing test require a judgment in favor of Plaintiff, as Defendants' refusal to provide a speedy trial for Plaintiff since March 2020 on account of COVID, despite Plaintiff's assertion of his right, is a violation of Plaintiff's Sixth

Amendment rights under color of law that has materially prejudiced Plaintiff. U.S. Const. Amend. VI, XIV.

40. This violation has resulted in material prejudice to Plaintiff.

## SECOND CAUSE OF ACTION
## VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS
## 42 U.S.C. § 1983

41. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

42. In the following paragraphs, references to the Fifth Amendment include the Fifth Amendment as applied to the states through the Fourteenth Amendment.

43. Defendants' refusal to allow Plaintiff access to the courts to seek modification of his bond conditions is a violation of Plaintiff's federal and State due process rights under color of law. U.S. Const. amend. V, XIV; Fla. Const. art. I, § 9.

44. Plaintiff is denied all access to the courts and cannot be heard on any Motion for discharge to the trial court concerning the violation of his federal and State rights to a speedy trial. Cf. Florida Rule of Criminal Procedure 3.191; McKinney v. Yawn, 625 So. 2d 885, 886 (Fla. App. 1993) (quoting Sherrod v. Franza, 427 So. 2d 161, 164 (Fla. 1983)).

## THIRD CAUSE OF ACTION
## VIOLATION OF FIFTH AMENDMENT LIBERTY INTEREST (WORK)
## 42 U.S.C. § 1983

45. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46. In the following paragraphs, references to the Fifth Amendment include the Fifth Amendment as applied to the states through the Fourteenth Amendment.

47. Defendants' refusal to allow Plaintiff access to the courts to seek modification of his bond conditions is a violation of Plaintiff's liberty interest, under color of law, stemming from the Fifth Amendment, as he is unable to work in his profession in his own hometown of Orlando, Florida. U.S. Const. Amend. V, XIV.

### FOURTH CAUSE OF ACTION
### VIOLATION OF FIFTH AMENDMENT LIBERTY INTEREST (CHILDREN)
### 42 U.S.C. § 1983

48. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

49. In the following paragraphs, references to the Fifth Amendment include the Fifth Amendment as applied to the states through the Fourteenth Amendment.

50. Defendants' refusal to allow Plaintiff access to the courts to seek modification of his bond conditions is a violation of Plaintiff's liberty interest, under color of law, stemming from the Fifth Amendment, as he is unable to take custody of his own minor children in his family court case in Orange County, Florida.

### FIFTH CAUSE OF ACTION
### VIOLATION OF RIGHT TO ACCESS TO COURTS
### FLORIDA CONSTITUTION, ART. I, SEC. 21

51. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

52. Defendants' refusal, under color of law, to allow Plaintiff access to the courts to seek modification of his bond conditions is a violation of Plaintiff's right to access to the courts as recognized by Article I, Section 21 of the Florida Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

A. Declare that Defendants have violated the Sixth and Fifth Amendments of the United States Constitution, both on its face and as applied to Plaintiff;

B. Declare that Defendants have violated Article I, Section 21 of the Florida Constitution on its face and as applied to Plaintiff, a Florida resident Defendants have twice extradited to their State;

C. Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, to dismiss all criminal charges against the Plaintiff with prejudice;

D. Preliminarily enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, to provide Plaintiff with access to the courts so that he can move the trial court to dismiss the action based on violation of his speedy trial rights;

E. Preliminarily enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, to provide Plaintiff with a court hearing to modify the bond conditions concerning Plaintiff's presence in Orange County, Florida and contact with his minor children;

  F. Preliminarily enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, to provide Plaintiff with access to the courts so that he can move the trial court to challenge the conditions of his bond;

  G. Award Plaintiff his costs and reasonable attorneys' fees in this action; and

  H. Grant Plaintiff such other relief as this Court may deem just and proper.

Dated: February 22, 2021       Respectfully submitted,

               /s/ Augustus Invictus
               Augustus Invictus
               424 E. Central Blvd. #156
               Orlando, Florida 32801
               Phone: 407.625.5636
               Email: InvictusPA@protonmail.com