UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AUGUSTUS INVICTUS,**

    **Plaintiff,**

v.                                                 Case No: 5:21-cv-109-BJD-PRL

**THE STATE OF SOUTH CAROLINA,
HENRY MCMASTER, SIXTEENTH
JUDICIAL CIRCUIT OF SOUTH
CAROLINA, WILLIAM MCKINNON,
YORK COUNTY SOLICITOR'S
OFFICE, KEVIN BRACKETT and
JENNY E. DESCH,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, a licensed attorney proceeding *pro se*, has filed a complaint against various defendants under several theories, for which he now seeks declaratory and injunctive relief. (Doc. 1). Plaintiff moves the court to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the motion is due to be denied and the complaint dismissed.

**I.  BACKGROUND**

This action arises out of Plaintiff's pending trial in South Carolina. Plaintiff was arrested on December 30, 2019 in Brevard County, Florida and subsequently extradited to York County, South Carolina on January 9, 2020. Originally, Plaintiff's trial was scheduled

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

for April 2020, but had to be continued due to the COVID-19 pandemic. Plaintiff was released on bond on April 1, 2020 but was again arrested on April 20, 2020 for an alleged violation of his bond conditions. Plaintiff remained jailed for over four months in South Carolina. Plaintiff's current bond conditions include a prohibition from being in Orlando, Florida and prevents him from working full time and taking custody of his children. Plaintiff has sought a trial since April 2020 and claims he has never waived his right to a speedy trial. Plaintiff claims that his trial was cancelled due to COVID-19.

In his complaint, Plaintiff seeks declaratory and injunctive relief under five causes of action, including violations of his (1) sixth amendment right to a speedy trial under 42 U.S.C. § 1983, (2) fifth amendment right to due process under 42 U.S.C. § 1983, (3) fifth amendment liberty interest (work) under 42 U.S.C. § 1983, (4) fifth amendment liberty interest (children) under 42 U.S.C. § 1983, and (5) right to access to courts under the Florida constitution Art. I, Sec. 21.

## II.   LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations

omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

### III. DISCUSSION

As an initial matter, Plaintiff's complaint appears to be a shotgun complaint. A shotgun complaint "is [one] containing multiple counts where each count adopts the

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Another form of a shotgun complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. Here, Plaintiff's five counts incorporate all of the preceding allegations and fail to specify which facts are relevant to which causes of action. Indeed, the complaint is completely devoid of allegations as to any actions taken (or not taken) by the individual defendants.

Substantively, Plaintiff's claims for injunctive and declaratory relief should be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, which instruct district courts to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that Younger abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The Younger abstention doctrine asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervention in the ongoing, state-court proceedings.

Here, Plaintiff takes issue with the decision to postpone his trial due to the global COVID-19 pandemic. This decision relates to an "ongoing judicial proceeding," and

entertaining the relief requested by Plaintiff's Complaint would "directly interfere with" the state court proceedings by barring their continuation. *See 31 Foster Children*, 329 F.3d at 1276. As to the second question, the ability for a state to make decisions regarding ongoing court proceedings during a global pandemic would certainly appear to implicate important state interests. And for the final question, Plaintiff has not met his "burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims." *31 Foster Children*, 329 F.3d at 1279. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* And what matters is whether Plaintiff is procedurally prevented from raising his constitutional claims in the state courts—not whether his claim would likely succeed on the merits in the state court. *Davis v. Self*, 547 F. App'x 927, 931 (11th Cir. 2013) (quoting *Pompey v. Broward Cty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Here, Plaintiff does not claim he was procedurally barred from raising his constitutional claims in state court, but only claims that due to COVID-19 he has not been given access to the courts. Accordingly, abstention is appropriate.

Moreover, Plaintiff's claims for injunctive and declaratory relief under § 1983 against Judge William A. Mckinnon are barred by judicial immunity. Judges are immune from liability for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). Although Plaintiff does not specifically name Judge Mckinnon as the judge that is presiding over his proceedings, it appears he is seeking to challenge Judge Mckinnon's decision to postpone his trial due to the COVID-19 pandemic. However, these actions are plainly "judicial in nature" and taken within the judge's judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991). "Alongside judicial immunity from damages, judges also receive protection from declaratory and

injunctive relief." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). To receive declaratory of injunctive relief against a judicial officer under § 1983, the plaintiff must allege that the judicial officer violated a declaratory decree, declaratory relief must otherwise be unavailable, and there must be an absence of adequate remedy at law. *Id.* That is not the case here. Additionally, to the extent that Plaintiff seeks to proceed under §1983 against the State of South Carolina, his claims would be barred by the Eleventh Amendment. *Grimes v. Florida*, No. 6:14-cv-244, 2014 WL 1331045, at *5–6 (M.D. Fla. April 1, 2014).

Finally, it is unclear why this action was filed in the Middle District of Florida. "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, Plaintiff does not allege that the defendants reside in the Middle District or that any events relating to the action occurred here. Although Plaintiff was initially arrested in Brevard County, he was subsequently extradited to South Carolina, where all of the judicial proceedings he complains of occurred.

## IV. RECOMMENDATION

Accordingly, for the reasons stated above it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied, and the Complaint (Doc. 1) be dismissed.

Recommended in Ocala, Florida on March 5, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy